**Dunn Trust**

*Wayne Theophilus*, for accountant.
*Robert Kane*, for surviving second husband.
*Lloyd E. Gluck*, for remaining next of kin.
*Louis M. Tarasi, Jr.*, for widow's estate.

BOYLE, J., January 10, 1975.—The question to be determined in this audit is whether the surviving husband of the above-named decedent's deceased widow is entitled to share in the distribution of the balance of the residuary trust under the language of article I, paragraph C of decedent's trust indenture in which he provided:

"C. Upon the death of the Insured's wife during the continuance of this trust for her benefit, or upon the Insured's death in the event his wife fails to survive him, the principal of the Residuary Trust, as it is then constituted, shall be paid and distributed one-half (½) to the Insured's then living heirs and next of kin and one-half (½) to the Insured's wife's then living heirs and next of kin in accordance with the Intestate Laws of the Commonwealth of Pennsylvania in effect at the time of the Insured's death."

On September 7, 1967, Carl E. Dunn, the decedent, entered into a revocable life insurance trust agreement for the benefit of his wife, Helen D. Dunn. On the same date, September 7, 1967, decedent executed his will.

Carl E. Dunn died testate on December 23, 1968.

Helen D. Dunn survived her husband, married George W. Proden on July 21, 1972, and died on March 8, 1974.

When Helen D. Dunn died, she was survived by her four half-brothers and sisters (all of whom were also alive at the time the trust instrument was executed by the settlor) and by her second husband, George W. Proden.

The controversy in the case at bar involves solely the one-half share of the settlor's residuary trust that is to be distributed to his widow's heirs and next of kin. In the event that the heirs and next of kin of the wife of the settlor are to be determined as of the date of his death, then the four half-brothers and sisters of the settlor's wife divide the aforesaid one-half share equally. However, in the event that the heirs and next of kin of the wife of the settlor are to be determined as of the date of her death, then the aforesaid one-half share should be distributed among her four half-brothers and sisters and her second husband, George W. Proden.

The auditing judge does not agree with the contention that George W. Proden, the widow's second husband, is excluded from the distribution of the residuary trust by the rule expressed in the decision of the Supreme Court in Heaton Est., 404 Pa. 360. Heaton deals with language which is different from the language of the trust instrument in the case at bar. The decision in Heaton is inapplicable here and does not govern this case.

The answer to the question before the court is to be found in section 14(1) of the Estates Act of 1947, as amended (now section 6114(1) of the Probate, Estates and Fiduciaries Code) which provides:

"Section 14. Rules of Interpretation—In the absence of a contrary intent appearing therein, conveyances shall be construed, as to real and personal estate, in accordance with the following rules:

"(1) Meaning of 'heirs' and 'next of kin', etc.; time of ascertaining class. A conveyance of real or personal property, whether directly or in trust, to the conveyor's or another designated person's 'heirs,' or 'next of kin,' or 'relatives' or 'family,' or to 'the persons thereunder entitled under the intestate laws,' or to persons described by words of similar import,

shall mean those persons, including the spouse, who would take under the intestate laws if such conveyor or other designated person were to die intestate at the time when such class is to be ascertained, a resident of the Commonwealth, and owning the property so conveyed: Provided, That the share of a spouse other than the spouse of the conveyor, shall not include the allowance under the intestate laws. The time when such class is to be ascertained shall be when the conveyance to the class is to take effect in enjoyment"; as amended by the Act of February 24, 1970, P.L. 59 (No. 24) effective February 24, 1970.

Under the language of article I C of the trust instrument, providing for the distribution of the residuary trust upon the death of the settlor's widow, it is clear that the balance in the account before the court is now distributable to the heirs of Helen D. Dunn Proden ". . . then living . . .", i.e., living at the date of her death. These heirs are her four half-brothers and sisters and her surviving husband, George W. Proden.

As provided by the settlor, a decree will be entered distributing one-half of the balance in the account as follows:

1. One-half thereof (not including the spouse's allowance of $20,000, provided in section 2(3) of the Intestate Act of 1947, as amended, now section 2102(3) of the Probate, Estates and Fiduciaries Code) to George W. Proden.

2. One-half thereof to Albert Wilmains, Clara Moran, Anna Bocci and Edward Wilmains, in equal shares.

The remaining one-half of the balance for distribution will be awarded to Guy Dunn, the settlor's surviving brother.

A decree will be entered in accordance with this opinion.